Electronically FILED by Superior Court of California, County of Los Angeles on 02/08/2023 04:03 PM David W. Slayton, Executive Officer/Clerk of Court, by E. Galicia,Deputy Clerk
Case 2:23-cv-02903-ODW-AGR   Document 1-1   Filed 04/18/23   Page 1 of 16   Page ID #:16
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mel Red Recana

Nina Montoya (State Bar No. 237419)
Shannon Seibert (State Bar No. 240317)
SEIBERT • BAUTISTA • MONTOYA
9255 Sunset Blvd., Suite 1100
West Hollywood, California 90069
Telephone: 323.500.0821
Facsimile: 323.500.0830

Attorneys for Plaintiff Chenoa Johnson

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN THE COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

| | |
|---|---|
| CHENOA JOHNSON,<br><br>        Plaintiff,<br><br>  vs.<br><br>BACARDI U.S.A., INC., a Delaware Corporation; and DOES 1 through 10 inclusive,<br><br>        Defendants. | CASE NO.:  23STCV02792<br><br>**COMPLAINT FOR:**<br><br>1. **DISCRIMINATION**<br>2. **VIOLATION OF THE EQUAL PAY ACT**<br>3. **RETALIATION**<br>4. **FAILURE TO PAY WAGES DUE AT SEPARATION**<br>5. **WRONGFUL TERMINATION**<br>6. **FORCED WAIVER OF RIGHTS**<br>7. **UNFAIR COMPETITION**<br><br>**(JURY TRIAL DEMANDED)** |

1

Complaint

Plaintiff Chenoa Johnson complains against Defendants and each of them, demands a trial by jury of all issues and for all causes of action for which she is entitled, and hereby alleges as follows:

## INTRODUCTION

1. This is an action for violation of California's laws requiring equal pay for equal work, requiring payment of all wages earned, prohibiting retaliation and discrimination against employees, and prohibiting unfair and unethical business practices.

2. Defendants BACARDI U.S.A., INC. and DOES 1 through 10, inclusive: (1) violated California laws prohibiting discrimination (Gov. Code § 12940(a)); (2) violated California's Equal Pay Act (Lab. Code § 1197.5); (3) retaliated against Plaintiff (Gov. Code § 12940(h); Lab. Code §§ 98.6, 1102.5(b)); (4) failed to pay all wages due at separation (Labor Code §§ 201, 203); (5) wrongfully terminated Plaintiff in violation of public policy; and (6) engaged in unfair business practices by violating numerous sections of the Government and Labor Codes, all while profiting from such illegal activities (Bus. & Prof. Code § 17200, *et seq*.).

3. Through this action, Plaintiff seeks compensatory and punitive damages, statutory penalties, pre- and post-judgment interest, equitable relief, and costs and attorneys' fees, as described below.

## PARTIES

4. Plaintiff CHENOA JOHNSON ("JOHNSON" or "Plaintiff") was at all times relevant hereto a California resident working in the City and County of Los Angeles and was employed as an executive (a Manager and then Director) of BACARDI U.S.A., INC. and DOES 1 through 10 from May 14, 2010 until her termination on April 30, 2021.

5. Defendant BACARDI U.S.A., INC. ("BACARDI" or "Defendant) is a Delaware Corporation that conducts business in the City and County of Los Angeles, California. BACARDI regularly employs five (5) or more persons and is an employer within the meaning of Government Code § 12926.

6. Plaintiff is unaware of the identity of those defendants sued as DOES 1 through 10, inclusive, and they are therefore sued under those fictitious names. Plaintiff is informed and believes,

and thereon alleges, that she is entitled to the relief requested in this complaint from these Doe defendants and will seek leave of this Court to amend this complaint to reflect these defendants' true names and identities when ascertained.

7. Plaintiff is informed and believes and thereon alleges that each of the defendants named herein (collectively, "Defendants") was the agent, employee, or representative of each of the remaining defendants and, in doing the things mentioned herein, was acting in the course and scope of such agency and employment. Plaintiff further alleges that in doing the acts or omissions complained of herein, Defendants, and each of them, acted or omitted to act in concert as agents of or on behalf of the other Defendants named herein.

**JURISDICTION & VENUE**

8. This Court has personal jurisdiction over Defendants pursuant to Article 6, § 10 of the California Constitution. The amount in controversy in this action exceeds the minimal jurisdictional dollar amount for this Court of unlimited jurisdiction.

9. Jurisdiction is proper before the Superior Court of California because Defendants conduct business in California, and the principal injuries caused by Defendants' conduct occurred in California.

10. Venue is proper in this Court pursuant to Code Civil Procedure § 395 because Defendants' conduct and conducted substantial business, employed Plaintiff, and committed the acts and omissions alleged herein in the City and County of Los Angeles.

**INCORPORATION OF ALLEGATIONS**

11. All of the allegations in this complaint are hereby incorporated into each cause of action to the extent necessary or useful to clarify and complete each stated cause of action, to avoid repetition and redundancy.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12. As to her claims under the Fair Employment and Housing Act ("FEHA"), Plaintiff filed a complaint against BACARDI with the California Department of Fair Employment and Housing ("DFEH") pursuant to Gov. Code § 12900, *et seq.* on April 13, 2022 and received a Right to Sue notice the same day.

**FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

13. BACARDI is a spirits company that produces and markets spirits and wines. It touts itself as among the "World's Best Employers."

14. JOHNSON was employed by BACARDI for nearly 11 years, from May 14, 2010 until her termination on April 30, 2021, when JOHNSON was 42 years old.

15. JOHNSON received three (3) promotions during her tenure: from Sales Manager to National Events Manager in 2011, from National Events Manager to Senior Manager in 2016, and finally from Senior Manager to Director in 2018.

16. At the time of her termination, JOHNSON's base compensation was $136,500 per year, and her most recent bonus before termination was approximately $101,000.

17. In December 2018, BACARDI terminated the Vice President of Event Marketing, Pam Dzierzanowski. Ms. Dzierzanowski was 50 years old and approximately 12 years older than JOHNSON at the time of her termination.

18. Ms. Dzierzanowski was directed by BACARDI to hand over all of her responsibilities to JOHNSON as she transitioned out of her position and explicitly understood that JOHNSON would take over the role of Vice President of Event Marketing that she was departing.

19. Although JOHNSON assumed all of the duties of a Vice President, BACARDI assigned her the title of "Director" of Event Marketing instead of "Vice President" of Event Marketing in order to justify giving her a lower wage than that commanded by a Vice President role.

20. From 2018 to the time of her termination, JOHNSON repeatedly requested and was denied an increase in her base compensation in order to bring her base salary up to the market rate that was paid to her male peers.

21. Following her initial requests, BACARDI attempted to pacify JOHNSON with a one-time "merit-based" bonus of $15,000 in June of 2019.

22. Providing intermittent "merit-based" bonuses was not customary at BACARDI, and it failed to address JOHNSON'S repeatedly stated concerns about the inequity of her compensation structure.

23. On December 10, 2019, JOHNSON made another request, in writing, for equitable compensation to BACARDI's Vice President of Marketing, Adrian Parker.

24. JOHNSON supported her request with a Power Point presentation explaining the inequities in pay that directly put BACARDI on notice of its failure to provide equal pay to JOHNSON.

25. Her presentation was titled: "Discrepancies in Market Valuation & Across Team."

26. BACARDI responded only by stating that to grant her request for equitable pay would be "considered a high-level promotion" (i.e., to the position responsible for the duties she was already performing without commensurate compensation).

27. JOHNSON had already received a "high-level promotion" but was denied wages commensurate with such a promotion.

28. BACARDI refused to provide any further response.

29. JOHNSON followed up in writing on January 14, 2020 regarding her request for increased compensation. She, again, did not receive a substantive response.

30. On March 10, 2020, JOHNSON wrote to another supervisor, Chloe Lloyd-Jones, and requested a response regarding her compensation request. In it, JOHNSON noted that the increased compensation was necessary to bring her compensation package closer to the market rate that men were earning.

31. JOHNSON encouraged BACARDI to review comparable salaries for her role, which further supported the reasonableness of JOHNSON'S request.

32. Ultimately, BACARDI rejected JOHNSON's request. BACARDI did not provide a substantive reason.

33. In the ensuing months, praise for JOHNSON's demonstrated success in her programs was withheld – even as her male colleagues were regularly given praise.

34. In May 2020, JOHNSON wrote to Mr. Parker in response to an article he circulated regarding "gender challenges" but only sent to female employees.

35. JOHNSON stated that, "I think it would be useful to share with male leadership as well, not just female, as a prompt for them to give some consideration on if or how they allow space for their women colleagues to show up, contribute and be heard."

36. JOHNSON additionally made concrete suggestions regarding promoting gender equity in the workplace.

37. Mr. Parker responded that he shared the information with male leaders separately from their female colleagues. He did not provide a reason.

38. No further action was taken in response to JOHNSON's complaints or concerns.

39. JOHNSON's concern that her compensation package was too heavily weighted with bonus compensation as opposed to guaranteed base pay proved prescient when BACARDI unilaterally cut JOHNSON'S 2020 bonus payment, which was not paid until June 18, 2021.

40. BACARDI attempted to justify the reduction by stating that it expected poor company performance in 2020. BACARDI'S letter of June 2020 stated: "Unfortunately, COVID-19 had a significant global impact on our business" and announced a reduction in bonus payments to offset BACARDI'S expected losses.

41. To BACARDI's good fortune, its prediction of poor company performance did not materialize. Instead, its profits in 2020 broke previous records.

42. Nonetheless, in June 2021, BACARDI still reduced JOHNSON's bonus (earned in 2020) in three ways.

43. First, BACARDI slashed JOHNSON's target percentage from 60 percent to 44 percent as a "covid reduction." In the same May 2021 letter that preceded receipt of her bonus and notified JOHNSON how much her bonus would be cut due to a "covid reduction," BACARDI boasted of its "strong performance" and "outstanding performance by [JOHNSON's] region" during the Covid-19 pandemic.

44. Second, BACARDI redesigned the bonus formula so that company performance would be less impactful on JOHNSON's bonus and, thus, prevent her from sharing in BACARDI's good fortune (as she had in years past) during a banner year of profits.

45. Third, BACARDI – for the first time in JOHNSON's nearly 11 years of employment – gave JOHNSON a performance appraisal of less than 100 percent.

46. In short, BACARDI cut the overall possible bonus, then changed its formula for awarding the bonus so that BACARDI'S soaring profits were given less weight, and increased the weight of JOHNSON'S personal performance, before assigning her a low score on her performance appraisal without justification.

47. Through these methods, BACARDI slashed JOHNSON's 2020 bonus.

48. On April 16, 2021, JOHNSON was suddenly informed that she would be terminated, effective April 30, 2021. The stated reason for JOHNSON's termination was that her department was being eliminated, which was not true.

49. In the immediate aftermath of JOHNSON's termination, BACARDI asked a younger, male member of JOHNSON's team who had also been terminated to return to take over JOHNSON's duties.

50. Those who were assigned JOHNSON's duties after her termination executed them in accordance with the plans and designs formulated by JOHNSON before her termination.

51. At termination, BACARDI offered JOHNSON a severance payment totaling five (5) months and 14 days, which is two (2) weeks less than BACARDI's own minimum requirements as set forth in its written policies.

52. At the time of her termination, BACARDI confirmed that "Ms. Johnson is entitled to a bonus payment in 2022 for her work performed from April 1, 2021 to her last day of employment on April 30, 2021, during her final month of employment."

53. JOHNSON never received her bonus earned during her final month of employment. As of the date of this filing, JOHNSON has still not received the bonus owed to her.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION**
(Gov. Code § 12940(a))
(Against all Defendants)

54. Pursuant to the California Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code § 12900, *et seq*.) and its implementing regulations, it is unlawful for an employer to discharge or discriminate against an employee in compensation or in the terms, conditions, or privileges of employment on the basis of the employee's age, the employee's gender, or the employee's age and gender.

55. As alleged herein and in violation of California Government Code section 12940(a), Defendants discriminated against Plaintiff on the basis of her age, gender, or her age and gender.

56. Plaintiff's age, gender, or her age and gender was or were a substantial motivating reason for Defendants' discrimination against her.

57. As a direct, foreseeable, and proximate result of Defendants' discrimination against her, Plaintiff has suffered and continues to suffer actual damages including, but not limited to, loss of past earnings and benefits, loss of future earnings, benefits, and employment opportunities, and other pecuniary losses not presently ascertained.

58. As a further direct and legal result of the acts and conduct of Defendants, as alleged herein, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Though the exact nature, extent, and duration of said injuries are presently unknown to her, Plaintiff is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

59. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, by engaging in the acts alleged herein or in authorizing or ratifying such acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

60. Plaintiff is further entitled to reasonable attorneys' fees and costs of suit as provided in section 12965(b) of the Government Code.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE EQUAL PAY ACT
(Lab. Code § 1197.5(a))
(Against all Defendants)

61. Pursuant to the Equal Pay Act (Labor Code § 1197.5), an employer may not pay any of its employees at wage rates less than the rates paid to employees of the opposite sex for substantially similar work that is performed under similar working conditions.

62. As alleged herein and in violation of California Labor Code section 1197.5(a), Defendants paid Plaintiff a lower rate than the rate paid to men for substantially similar work, when viewed as a composite of skill, effort, and responsibility, that was performed under similar working conditions.

63. The disparity in Plaintiff's pay was not based on a seniority system, a merit system, a system that measures earnings by quantity or quality of production, or any bona fide factor other than sex.

64. As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer actual damages including, but not limited to, loss of past earnings and benefits and other pecuniary losses not presently ascertained.

65. As a further direct and legal result of the acts and conduct of Defendants, as alleged herein, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Though the exact nature, extent, and duration of said injuries are presently unknown to her, Plaintiff is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

66. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, by engaging in the acts alleged herein or in authorizing or ratifying such acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

67. Plaintiff is further entitled to liquidated damages in an amount equal to the balance of wages owed to her, reasonable attorneys' fees, and costs of suit as provided in section 1197.5(h) of the Labor Code.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**THIRD CAUSE OF ACTION**
**RETALIATION**
(Lab. Code § 98.6)
(Against all Defendants)

68. Pursuant to Labor Code § 98.6, it is unlawful for an employer to retaliate against an employee because of the exercise by that employee of rights afforded her under the Labor Code.

69. As alleged herein and in violation of California Labor Code section 98.6, Defendants retaliated against Plaintiff because she exercised her rights under the Equal Pay Act by demanding

equal pay, challenging Defendants' inequitable pay structure, and by refusing to waive her legal rights under the Labor Code and/or Fair Employment and Housing Act.

70. As a direct, foreseeable, and proximate result of Defendants' retaliation against her, Plaintiff has suffered and continues to suffer actual damages including, but not limited to, loss of past earnings and benefits, loss of future earnings, benefits, and employment opportunities, and other pecuniary losses not presently ascertained.

71. As a further direct and legal result of the acts and conduct of Defendants, as alleged herein, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Though the exact nature, extent, and duration of said injuries are presently unknown to her, Plaintiff is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

72. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, by engaging in the acts alleged herein or in authorizing or ratifying such acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

73. Plaintiff is further entitled to reasonable attorneys' fees and costs of suit as provided in section 1021.5 of the Civil Code.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### FOURTH CAUSE OF ACTION
### RETALIATION
(Lab. Code § 1102.5(b))
(Against all Defendants)

74. Pursuant to Labor Code § 1102.5, it is unlawful for an employer to retaliate against an employee for disclosing a violation of a statute, rule, or regulation to a person with authority over the employee or to another employee who has the authority to investigate, discover, or correct the violation.

75. As alleged herein, Plaintiff repeatedly informed Defendants that women, including herself, were being paid less than their male peers for work that was substantially the same in the industry, which Plaintiff believed to be illegal.

76. As alleged herein and in violation of California Labor Code section 1102.5, Defendants retaliated against Plaintiff because she disclosed Defendants' ongoing violations of one or more statutes, rules, or regulations, including the Equal Pay Act and the FEHA.

77. As a direct, foreseeable, and proximate result of Defendants' retaliation against her, Plaintiff has suffered and continues to suffer actual damages including, but not limited to, loss of past earnings and benefits, loss of future earnings, benefits, and employment opportunities, and other pecuniary losses not presently ascertained.

78. As a further direct and legal result of the acts and conduct of Defendants, as alleged herein, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Though the exact nature, extent, and duration of said injuries are presently unknown to her, Plaintiff is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

79. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, by engaging in the acts alleged herein or in authorizing or ratifying such acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

80. Plaintiff is further entitled to reasonable attorneys' fees and costs of suit as provided in section 1102.5(j) of the California Labor Code.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### FIFTH CAUSE OF ACTION
### RETALIATION
(Govt. Code § 12940(h))
(Against all Defendants)

81. Pursuant to the FEHA and its implementing regulations, it is unlawful for an employer to discharge or discriminate against an employee in compensation or in the terms, conditions, or privileges of employment on the basis of the employee's opposition to discriminatory or retaliatory practices forbidden by the FEHA.

82. As alleged herein and in violation of California Government Code section 12940(h),

Defendants retaliated against Plaintiff because Plaintiff engaged in the protected activity of opposing practices forbidden by the FEHA.

83. As a direct, foreseeable, and proximate result of Defendants' retaliation against her, Plaintiff has suffered and continues to suffer actual damages including, but not limited to, loss of past earnings and benefits and other pecuniary losses not presently ascertained.

84. As a further direct and legal result of the acts and conduct of Defendants, as alleged herein, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Though the exact nature, extent, and duration of said injuries are presently unknown to her, Plaintiff is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

85. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, by engaging in the acts alleged herein or in authorizing or ratifying such acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

86. Plaintiff is further entitled to reasonable attorneys' fees and costs of suit as provided in section 12965(c) of the California Government Code.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### SIXTH CAUSE OF ACTION
### FAILURE TO PAY WAGES DUE AT SEPARATION
(Lab. Code §§ 201, 203, 218.5; Wage Order 4-2001)
(Against all Defendants)

87. Pursuant to Labor Code § 201, an employer must pay an employee who is terminated all wages earned and due immediately upon termination.

88. Pursuant to Labor Code § 203, if an employer willfully fails to provide all earned and due wages to a terminated employee at the time of termination, the wages of the employee shall continue as a penalty from the due date thereof for a period not to exceed 30 days.

89. Pursuant to California Labor Code § 218.5, an employee is entitled to reasonable attorneys' fees and costs of suit incurred in an action brought to recover wages owed to the employee.

90. At the time of her termination, Plaintiff was owed wages in an amount equal to the difference between what she was paid and what she legally should have been paid as well as earned bonuses.

91. Plaintiff has not been compensated for all wages earned or the statutory penalties owed to her as of the date of this filing.

92. Defendants' failure to pay Plaintiff all wages earned and due to her was willful.

93. As a direct, foreseeable, and proximate result of Defendant's failure to pay wages in a timely manner and failure to pay statutory penalties, Plaintiff has suffered substantial losses related to the use and enjoyment of such wages and penalties and has lost interest on such wages and penalties, all to her damage in amounts according to proof at time of trial.

94. Plaintiff is thus entitled to recover all wages and statutory penalties owed, interest, attorneys' fees, and costs of suit in amounts according to proof at time of trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SEVENTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(Against all Defendants)

95. The public policy of the State of California, as embodied in the California Constitution, California statutes, including but not limited to Government Code § 12900, *et seq.* and Labor Code §§ 98.6, 1102.5 and 1197.5 and their implementing regulations, prohibits employers from discharging employees in a discriminatory or retaliatory manner.

96. Defendant's termination of Plaintiff was motivated at least in part by an intent to retaliate against Plaintiff for her protected activity of complaining about her unlawful pay rate, exercising her right to equal pay, requesting and demanding that Defendant cure its unlawful conduct, and opposing discriminatory treatment.

97. As a direct, foreseeable, and proximate result of Defendants' wrongful termination of her, Plaintiff suffered and continues to suffer actual damages including, but not limited to, loss of earnings, the use and enjoyment of employee benefits, and other pecuniary losses not presently ascertained.

98. As a further direct and legal result of the acts and conduct of Defendants, as alleged herein, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental

distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Though the exact nature, extent, and duration of said injuries are presently unknown to her, Plaintiff is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

99. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, by engaging in the acts alleged herein or in authorizing or ratifying such acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

**EIGHTH CAUSE OF ACTION**
**FORCED WAIVER OF RIGHTS**
(Lab. Code § 432.6)
(Against all Defendants)

100. Pursuant to Labor Code § 432.6, an employer is prohibited from requiring an employee to waive any right, forum, or procedure for a violation of any provision of the FEHA or the Labor Code, including the right to file and pursue a civil action or a complaint in order to receive any employment-related benefit.

101. The bonuses Plaintiff earned in 2020 and 2021 (payable in June 2021 and June 2022, respectively) are employment-related benefits.

102. Plaintiff was denied her earned bonuses because she refused to sign a waiver of her rights under FEHA and the Labor Code, in violation of Labor Code section 432.6.

103. As a direct, foreseeable, and proximate result of Defendants' forced waiver, Plaintiff suffered and continues to suffer actual damages including, but not limited to, loss of earnings, the use and enjoyment of employee benefits, and other pecuniary losses not presently ascertained.

104. As a further direct and legal result of the acts and conduct of Defendants, as alleged herein, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Though the exact nature, extent, and duration of said injuries are presently unknown to her, Plaintiff is informed

and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

105. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, by engaging in the acts alleged herein or in authorizing or ratifying such acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

106. Plaintiff is further entitled to reasonable attorneys' fees and costs of suit as provided in section 432.6(d) of the California Labor Code.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### NINTH CAUSE OF ACTION
### UNFAIR COMPETITION
(Bus. & Prof. Code § 17200)
(Against all Defendants)

107. Pursuant to California's Unfair Competition Law (Bus. & Prof. Code § 17000, *et seq.*), it is unlawful for an entity to engage in unlawful, unfair, or fraudulent business activities.

108. Defendants' policy and practice of compensating female executives less than male executives violates Labor Code § 1197.5 and therefore constitutes an unlawful business act or practice within the meaning of Business and Professions Code § 17200.

109. Defendants' policy and practice of discriminating against employees on the basis of age, gender, or age and gender, and of failing to prevent discrimination against employees on these bases, violates Government Code § 12940 and therefore constitutes an unlawful business act or practice within the meaning of Business and Professions Code § 17200.

110. Defendants' policy and practice of retaliating against employees violates Labor Code §§ 98.6, 1102.5, and Government Code § 12940(h) and therefore constitutes an unlawful business act or practice within the meaning of Business and Professions Code § 17200.

111. The unlawful conduct described herein is continuing and will continue until Defendants are ordered to cease such activity.

112. Plaintiff is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all moneys which have been unlawfully unpaid, withheld, or converted from her as a

result of the acts and practices described herein and enjoining Defendant from engaging in the unlawful conduct described herein in the future.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**PRAYER**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

1. For actual and liquidated damages in amounts according to proof or as otherwise required by statute;

2. For statutory fines, penalties, and interest as provided by law, including those pursuant to the Labor Code and Orders of the Industrial Welfare Commission;

3. For reasonable attorneys' fees pursuant to Labor Code §§ 218.5, 432.6(d), and 1102.5(j), Code of Civil Procedure § 1021.5, and Government Code § 12965(c);

4. For costs of suit incurred herein pursuant to Labor Code §§ 218.5 and 1197.5(h), Code of Civil Procedure § 1032, and Government Code § 12965(c);

5. For statutory pre- and post-judgment interest;

6. For restitutionary relief as provided by Business and Professions Code § 17200, *et seq.*;

7. For injunctive relief enjoining Defendant from engaging in unfair business practices, including discriminating and retaliating against employees and failing to provide equal pay for equal work; and

8. For such other and further relief as the Court deems fair and just.

Dated: February 8, 2023                    SEIBERT • BAUTISTA • MONTOYA

_____
Nina Montoya
Attorneys for Plaintiff Chenoa Johnson

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial as to all issues to which she is entitled.

Dated: February 8, 2023                    SEIBERT • BAUTISTA • MONTOYA

_____
Nina Montoya
Attorneys for Plaintiff Chenoa Johnson

16

Complaint