Nina Montoya (State Bar No. 237419)
    E-Mail: montoya@sbm.law
Shannon Seibert (State Bar No. 240317)
    E-Mail: seibert@sbm.law
**SEIBERT • BAUTISTA • MONTOYA**
9255 Sunset Blvd., Suite 1100
West Hollywood, California 90069
Telephone: 323.500.0821
Facsimile: 323.500.0830

Attorneys for Plaintiff Chenoa Johnson

Christopher C. Hoffman (SBN 176334)
    E-Mail: choffman@fisherphillips.com
Stephanie Reynolds (SBN 220090)
    E-Mail: sreynolds@fisherphillips.com
Audrey W. Surridge (SBN 318838)
    E-Mail: asurridge@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
BACARDI U.S.A., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHENOA JOHNSON<br><br>    Plaintiff,<br><br>vs.<br><br>BACARDI U.S.A., INC. a Delaware Corporation; and DOES 1 through 10 inclusive,<br><br>    Defendants. | CASE NO.: 2:23−cv−02903 ODW (AGRx)<br><br>**JOINT SCHEDULING REPORT**<br><br>Date: June 26, 2023<br>Time: 1:30<br>Courtroom: 5SD<br>Judge: Otis D. Wright II<br><br>Action filed: February 8, 2023<br>Removed: April 18, 2023 |

1

Trial Date: None

Virtual Appearance Via Court Connect

TO THIS HONORABLE COURT:

Counsel for Plaintiff CHENOA JOHNSON ("Plaintiff") and Counsel for Defendant BACARDI U.S.A, INC. ("Defendant") jointly submit this Report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.

On May 26, 2023, counsel for the Parties met, via telephone, to discuss the matters specified in Federal Rule of Procedure 26(f) and Local Rule 26-1 in preparation for this report.

# I.
# SYNOPSIS

**A.  Parties' Contentions**

**1.  Plaintiff's Contentions**

Plaintiff Chenoa Johnson claims that Defendant discriminated against her on the basis of her gender and age and did not pay her equal pay for equal work in violation of California's Equal Pay Act. When Plaintiff complained, Defendants retaliated against her in further violation of California's anti-retaliation laws contained in the Labor Code and Federal Employment and Housing Act ("FEHA").

Plaintiff was employed as an executive of Bacardi U.S.A., Inc. ("Bacardi") for almost eleven years. She was initially hired as a sales manager but received three promotions during her tenure. In December of 2018, her former boss, Pam Dzieranowski, was terminated from her job as Vice President of Event Marketing when she turned 50. Plaintiff – who was 12 years younger than her boss - was assigned Ms. Dzieranowski's position. Ms. Dzieranowski was told to hand her duties over to Plaintiff. However, although Plaintiff assumed all of the duties of Vice President,

Bacardi assigned her the title of "Director" of Event Marketing instead of "Vice President" of Event Marketing in order to justify giving her a lower wage than that commanded by a Vice President role.

Plaintiff made numerous requests to receive equal pay, even providing leadership with a presentation regarding the discrepancy in her pay. In response, Bacardi gave her a one-time bonus payment of $15,000 but refused to increase her salary. When Plaintiff continued pushing for equal pay, Bacardi terminated her.

At her termination, Bacardi informed her that her job was being eliminated. Contrary to Bacardi's representations, however, Plaintiff's job duties were assigned to a younger male subordinate. Plaintiff refused to sign a waiver of her rights as requested by Bacardi when she was terminated. In response, Bacardi made baseless accusations against Plaintiff and refused to pay her all of her earned commissions and bonuses. At the time of her termination Plaintiff was owed two bonus payments, one in June 2021 and the other in June 2022. Bacardi unjustifiably reduced her June 2021 bonus and despite acknowledging that Plaintiff had earned and was owed another bonus payment in June of 2022, Bacardi intentionally failed and refused to pay Plaintiff.

**2.  Defendant's Contentions**

Plaintiff's claims are entirely without merit. Plaintiff presents no evidence whatsoever of a male comparator performing equal work for greater pay. In reality, Plaintiff was one of 38 management level employees hired by Bacardi when it acquired The Patron Spirits Company in **late 2019**. Each of them was paid on an entirely different system than that used by Bacardi, and these individuals (roughly half men and half women) were carried over on the Patron system at the time of acquisition. The marketplace uncertainty caused by the COVID-19 pandemic just a few months after the acquisition caused a pay change hold uniformly across all Bacardi departments, including Plaintiff's event marketing department.

Indeed, Plaintiff did make requests for an increase in her base salary, several of which occurred before Bacardi even acquired Patron. She made her most recent request in May 2020. Plaintiff cannot conjure up a causal nexus between that request and her termination over one year later. Plaintiff's entire event marketing group was terminated in April 2021, because of a realignment of that function to be outsourced to agencies. Defendant offered Plaintiff a six-month severance packaged based on her length of service pursuant to Bacardi's Global Severance Policy.

Legitimate, non-discriminatory and non-retaliatory reasons exist for Plaintiff's pay and termination. Accordingly, Defendant denies all liability.

**B.  Amendment of Pleadings**

At this time, the Parties do not expect the pleadings to be amended.

**C.  Issues to be Determined by Motion**

Plaintiff believes the following issues may be determined by motion: discovery motions, including disclosure of employee comparator evidence from Defendant; motion for summary judgment or partial summary judgment as to Defendant's liability.

Defendant believes the following issues may be determined by motion: discovery motions, motion for summary judgment or partial summary judgment as to Defendant's liability.

## II.
## SCHEDULES

**A.  Proposed Schedule of Discovery**

   a. June 28, 2023: Initial Disclosures

   b. June 26, 2023: Non expert discovery to begin on or after

   c. February 1, 2024: Non expert discovery to be completed

   d. May 1, 2024: Expert Disclosures

   e. May 31, 2024: Expert Rebuttals

4

Joint Report

FP 47148805.1

  f. July 1, 2024: Non expert discovery cutoff

  g. August 15, 2024: Expert discovery cutoff

**B.** **Schedule of Law and Motion Matters and Dispositive Motions**

 1. June 1, 2024: Last day for hearing on discovery motions

 2. July 31, 2024: Last day for dispositive motions to be filed

 3. September 16, 2024: Last day for dispositive motions to be heard

**C.** **Settlement Efforts**

The parties attended a full-day pre-litigation mediation session on December 6, 2022 with mediator Jean K. Hyams, Esq. The parties believe that referral to a mandatory settlement conference, mediation panel, or private mediation are best suited to the case. The session should occur on or before December 15, 2023.

**D.** **Estimated Length of Trial**

Plaintiff's estimate: 12 – 14 days

Defendant's estimate: 5-7 days

**E.** **Other Parties Likely to be Added**

None at this time.

**F.** **Type of Trial**

Jury trial.

**G.** **Other Issues Affecting Status or Management**

Plaintiff's counsel is unavailable for trial February 26-March 1, March 28, April 15-19, April 22- 26, 2024

Defense counsel is unavailable for trial September 8-22, October 5-19, 2024.

**H.** **Proposals Regarding Severance, Bifurcation or Other Ordering of Proof**

Plaintiff: None. Defendant's planned defenses will require investigation into Defendant's finances because Defendant contends that Plaintiff's termination and pay structure was the result of business necessity and business uncertainty and that it did

not pay her male counterparts more than her.  Bifurcating a punitive damages phase will require duplicative evidence being presented and will not be as efficient as a single trial.

 Defendant: Defendant requests that any claim for punitive damages be bifurcated at trial from the liability phase.  Should Defendant not be found liable, there will be no need for a second trial related to damages, promoting judicial economy.

I. **Proposed Pre-trial Conference Date**

 October 28, 2024

Dated: June 8, 2023        SEIBERT • BAUTISTA • MONTOYA

               _____
               Nina Montoya
               Shannon Seibert
               Attorneys for Plaintiff Chenoa Johnson

Dated: June 8, 2023        FISHER & PHILLIPS LLP

               _____
               Christopher C. Hoffman
               Stephanie Reynolds
               Audrey W. Surridge
               Attorneys for Defendant Bacardi U.S.A., Inc.